Request of Governor and Council, No. 4810.

OPINION OF THE JUSTICES.

Submitted November 18, 1959.

Decided December 1, 1959.

The following resolution adopted by the Governor and Council on November 4, 1959, was filed in this court on November 5, 1959:

"WHEREAS there is now before the Governor and Council for their approval as required in Const., *Pt. 2, Art.* 56, a warrant directing payment to certain members of the General Court mileage allowances in accordance with a manifest attached thereto, on account of their attendance at the session of the General Court just prorogued, and

"WHEREAS the Governor and Council are uncertain whether such warrant may lawfully be executed by them, and

"WHEREAS certain facts are pertinent to a determination of the law, and

"WHEREAS the circumstances constitute a solemn occasion and the question of law an important one,

"Now THEREFORE, the following statement of facts is submitted to the Justices of the Supreme Court; and the Justices are respectfully asked their advice, under the provisions of *Const., Pt. 2, Art.* 74, whether upon such facts the Governor and Council may lawfully execute said warrant:

"During the 1959 session of the General Court, the members of the House of Representatives were paid a mileage allowance for each day of attendance computed upon the basis of the distances set forth for their respective towns and city wards in RSA 14:17. On September 17, 1959, the Committee on Mileage of the House submitted to the House a report, and the same was printed in the Journal of that branch for the day indicated. Such report shows the name of each member of the House and opposite each a distance in miles. Such distance does not in all cases coincide with the distance for the particular town or city ward of such member appearing in RSA 14:17. Following the prorogation of the General

Court, and upon a roll submitted by the Clerk of the Committee, a manifest has been prepared directing payment of an additional mileage allowance to those several members against whose names the report of the Committee on Mileage shows a greater distance than that for their respective towns or city wards in RSA 14:17. The additional mileage allowance thus directed to be paid in said manifest is computed by multiplying the excess in distance for each such member as shown on the report of the Committee on Mileage over that in RSA 14:17 by the number of days of attendance of such member during the session. A warrant is now before the Governor and Council, the purport of which is to direct that monies issue out of the Treasury in payment of the sums set forth in said manifest."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court make the following answer to the inquiry contained in your resolution filed November 5, 1959:

You inquire whether on the facts stated in your resolution allowances for mileage in addition to those computed on mileage as set forth in RSA 14:17 (standard mileage table) may be paid to members of the House of Representatives based upon a report of its Committee on Mileage presented to the House on September 17, 1959. House Journal September 17, 1959, *pp.* 29-50.

This report so far as can be ascertained was never acted upon by the House of Representatives. It is understood that the proposed allowances would be in addition to those previously paid for the mileage set forth in the standard table (RSA 14:17, *supra*) where the mileage shown by the report exceeds that of the table, and that the proposed allowances are computed "by multiplying the excess in distance for each such member as shown on the report of the Committee on Mileage over that in RSA 14:17 by the number of days of attendance of such member during the session."

The right of the members of the Legislature to "mileage" is implicit in the provisions of Article 15th, Part II of the New Hampshire Constitution. In *Opinion of the Justices,* 95 N. H. 533, 536, the House of Representatives was advised: "The Legislature may determine any mileage rate that bears a reasonable relation

to the cost of travel. Such a rate may be considered 'actual cost' as used in your inquiries whether it is slightly less than or more than the amount expended by any individual legislator for mileage."

The standard table (RSA 14:17) was enacted in 1949, effective January 1, 1951. Laws 1949, c. 301. In 1955, by amendment to RSA 14:16, it was provided that the mileage committee should in January of each biennial session review the standard table with the department of public works and highways, and after study "recommend to the legislature any changes which may be necessary therein in order that said table shall correctly set forth the distances . . . . " Laws 1955, c. 228, s. 2 (RSA 14:16 (supp.) ).

The 1957 Legislature provided for determination of the distances from "each polling place in the state to the state house," and for preparation of a bill to amend the law to provide a new mileage table based upon such distances. Laws 1957, c. 272, s. 2; RSA 14:17 (supp.). In accordance therewith, House Bill No. 5 was introduced at the 1959 session, but reported inexpedient to legislate. House Journal, March 3, 1959, p. 9. Another bill designed to authorize the Committee to "adjust the mileage table" to allow travel from a member's "residence" (House Bill No. 41) was likewise reported inexpedient to legislate. House Journal, June 11, 1959, pp. 4, 5. As a result, the standard table (RSA 14:17) is controlling, except as it was changed in limited respects. See for example Laws 1959, c. 168.

The provision of RSA 14:16 stating that the Committee on Mileage "shall be the arbiters to all disputes and claims involving payment of mileage to members" does not override the provisions of the standard table. RSA 14:17. Section 16 also provides for the submission to the Legislature of the Committee's recommendations for any change in the table. The authority granted by the quoted language was designed merely to provide for the adjustment of disputes or claims where allowances were questioned on account of such factual matters as attendance at sessions (RSA 14:16 (supp.) ), clerical errors in computation, or the like.

The rule of the House (Rule 35) which provides that the Committee on Mileage shall "determine the distance traveled by each member of the House and report to the House the names of the several members and the mileage allowed to each" cannot take precedence over the statute with respect to allowable distances. The rule must be taken to call merely for a translation of the standard table into terms of members serving at any current session,

by name, and the allowance payable to each in accordance with the "mileage allowed" by the statute.

Our opinion that the standard table is controlling is not affected by the provision of Article 22d, Part II of the Constitution, authorizing the House to settle the "rules of proceedings in their own house." The determination of mileage allowances in reimbursement for costs of travel concerns the members of both branches of the Legislature. It is not considered to be settlement of a rule of proceedings of the House alone.

It is our opinion that upon the facts stated, the Governor and Council may not lawfully execute a warrant directing payment of additional travel allowances as set forth by your resolution.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

December 1, 1959.